UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **VOELKEL MCWILLIAMS CONSTRUCTION, LLC** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 13-6789** |
| | * | |
| **84 LUMBER COMPANY, ET AL.** | * | **SECTION "L" (4)** |

## ORDER & REASONS

Before the Court is a Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Rec. Doc. 4). The Court has reviewed the briefs and applicable law and now issues this Order and Reasons.

**I.      BACKGROUND**

This case involves a project to construct the new Alexander Milne Home for Women in Waldheim, Louisiana (the "Project"). Plaintiff Voelkel McWilliams, LLC ("VMC"), a general contractor, claims that prior to January 7, 2013, it sought proposals from various subcontractors for use in compiling and submitting a bid on the Project. (Rec. Doc. 1 at 2). VMC alleges that Defendant 84 Lumber faxed a proposal to VMC on or about January 7, 2013. (Rec. Doc. 1 at 2). According to VMC, this proposal involved the supplying and installing of all wood frames, trusses, accessories, as well as the supplying and installing of siding, doors, and trim. (Rec. Doc. 1 at 3). VMC claims that it relied on 84 Lumber's proposal and incorporated that proposal into the bid that it ultimately submitted for the Project. (Rec. Doc. 1 at 3). VMC claims that on February 6, 2013, VMC accepted 84 Lumber's proposal. (Rec. Doc. 1 at 4). According to VMC, on February 7, 2013, 84 Lumber attempted to retract the proposal. (Rec. Doc. 1 at 4). VMC claims that after 84 Lumber refused to perform the work covered by the proposal, VMC had to

1

hire alternate subcontractors to perform the work.  (Rec. Doc. 1 at 4).

VMC brought the present lawsuit against 84 Lumber for breach of contract and detrimental reliance.  (Rec. Doc. 1 at 5-7).  VMC also named Defendant Hardy Holdings, Inc. ("Hardy"), the alleged general partner of 84 Lumber, and Defendant Pierce Hardy Real Estate, Inc., the alleged successor in interest to 84 Lumber.  VMC asks to be compensated for all damages that resulted from 84 Lumber's breach of contract and VMC's detrimental reliance.  (Rec. Doc. 1 at 6).

## II.     PRESENT MOTION

Defendants filed a Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Rec. Doc. 4).  Defendants disagree with VMC's version of the events.  Specifically, Defendants claim that VMC never requested a bid from them, but instead asked Defendants to fax a copy of a bid that Defendants had prepared for another company, Landis Construction.  (Rec. Doc. 4-1 at 2).  Defendants emphasize that the proposal in question was submitted by Defendants to Landis Construction and was based on documentation that Defendants received from Landis regarding the Project's specifications.  (Rec. Doc. 4-1 at 2).  Defendants claim that VMC and Defendants took part in some discussions regarding changes that would need to be made to the 84 Lumber proposal in order to conform with VMC's specifications (rather than Landis').  (Rec. Doc. 4-1 at 3).  Defendants believe that this is proof that 84 Lumber's proposal was created for Landis, not VMC.  Instead, Defendants claim that on January 24, 2013, they submitted a bid proposal to VMC based on VMC's specifications, with a higher price than the first proposal.  (Rec. Doc. 4-1 at 3).  Defendants agree that on February 6, 2013, VMC sent a letter accepting 84 Lumber's first proposal, however, Defendants claim that this acceptance was

2

invalid because the proposal was not for VMC to accept. (Rec. Doc. 4-1 at 4).

Defendants argue that because there was no meeting of the minds and no contract existed between them and VMC, there can be no breach of contract. (Rec. Doc. 4-1 at 6). Similarly, Defendants argue that because there was no enforceable contract, VMC cannot claim detrimental reliance. (Rec. Doc. 4-1 at 7). Furthermore, Defendants claim that even if there was a valid contract between VMC and Defendants, VMC failed to comply with the terms of the contract by failing to submit a purchase order before that offer expired. (Rec. Doc. 4-1 at 6). Defendants ask this Court to dismiss the lawsuit because VMC has failed to state a claim for which relief can be granted.

In opposition to Defendants' Motion, VMC emphasizes that motions to dismiss are not granted lightly and the Court must draw all inferences in favor of VMC. (Rec. Doc. 6). VMC claims that its complaint contained well pleaded factual allegations that 84 Lumber caused damage to VMC by wrongfully retracting its proposal. (Rec. Doc. 6 at 4). VMC argues that at this stage, the Court is limited to the factual allegations contained in VMC's complaint, which the Court must accept as true. (Rec. Doc. 6 at 5). VMC also claims that the fact that the proposal contained the name Landis Construction, instead of VMC, is of no significance. (Rec. Doc. 6 at 5). According to VMC, it is "common place on bid day for suppliers and subcontractors to send the same pricing to numerous general contractors." (Rec. Doc. 6 at 5). VMC reiterates that the complaint, on its face, alleges breach of contract and detrimental reliance due to 84 Lumber's conduct. (Rec. Doc. 6 at 8).

Defendants filed a reply in which they argue that VMC's own allegations establish that there was no meeting of the minds and no contract that could be breached. (Rec. Doc. 11 at

3

1). According to Defendants, VMC admits that it asked for clarification of the proposal after the proposal was allegedly submitted. Defendants claim that the discussions that took place after the proposal was submitted prove that the terms of the proposal were not set. (Rec. Doc. 11 at 2). Defendants also argue that VMC cannot support a claim for detrimental reliance because any reliance that it placed on 85 Lumber's proposal was unjustified, given the questionable terms of the proposal. (Rec. Doc. 11 at 3).

### III.  LAW & ANALYSIS

The Federal Rules of Civil Procedure permit a defendant to seek a dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Motions to dismiss for failure to state a claim are "disfavored in the law and, therefore, . . . a court will only rarely encounter circumstances which justify granting such a motion." *Mahone v. Addicks Utility Dist. of Harris County*, 836 F.2d 921, 926 (5th Cir. 1988) (citing *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986); *Rios v. Dillman*, 499 F.2d 329, 330 (5th Cir. 1974)). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Generally, when evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court should not look past the pleadings.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (5th Cir. 2009) (quoting *Bell Atlantic Corporation, et al. v. William Twombly, et al.*, 550 U.S. 544, 570 (2007)). The district court must construe facts in the light most favorable

to the nonmoving party. The court must accept as true all factual allegations contained in the complaint. *Ashcroft*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

A breach of contract claim necessarily requires that a contract exist. *JCD Marketing Co. v. Bass Hotels and Resorts, Inc.*, 2001-1096 (La. App. 4 Cir. 3/6/02); 812 So.2d 834, 838. Louisiana Civil Code article 1906 provides that "[a] contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished." The Louisiana Civil Code also defines a sub-type of contract, called an "option contract." *See* La. Civ. Codr Ann. art. 1933. An option contract is a contract "whereby the parties agree that the offeror is bound by his offer for a specified period of time and that the offeree may accept within that time." *Id.*

In the complaint, VMC alleges that it solicited proposals from various subcontractors in order to compile and submit a bid on the Project. (Rec. Doc. 1 at 2). VMC claims that 84 Lumber submitted a proposal via fax on January 7, 2013. (Rec. Doc. 1 at 2). VMC further claims that the proposal required VMC to accept within 30 days. (Rec. Doc. 1 at 4). VMC claims that it accepted 84 Lumber's proposal on February 6, 2013 and that 84 Lumber responded by attempting to retract the proposal the next day. (Rec. Doc. 1 at 4). At this stage, the Court must accept VMC's factual allegations as true and must construe the facts in the light most favorable to VMC. It is clear from the face of the complaint that VMC has alleged facts that are sufficient to form the basis of a breach of contract claim.

Similarly, VMC has alleged sufficient facts to support a claim for detrimental reliance. Louisiana Civil Code article 1967 provides that "[a] party may be obligated by a promise when

he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying."  VMC alleges that 84 Lumber submitted a proposal in which it offered to perform certain work on the Project for a set cost. (Rec. Doc. 1 at 2).  VMC claims that 84 Lumber knew, or should have known, that VMC was going to rely on this proposal when compiling and submitting a bid to the owner for the Project.  VMC further claims that it did, in fact, rely on 84 Lumber's proposal when it submitted a bid for the Project.  (Rec. Doc. 1 at 6).  VMC claims that it incurred costs associated with finding and hiring replacement subcontractors to perform the work that was covered by 84 Lumber's proposal.  (Rec. Doc. 1 at 7).  These facts, which the Court must accept as true, are sufficient to support a claim for detrimental reliance.  At this stage, it cannot be said, "beyond doubt," that VMC will be unable to prove facts that will entitle it to relief.  *See Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Accordingly, dismissal of the case is inappropriate.

IV.    **CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Motion to Dismiss is **DENIED**.

New Orleans, Louisiana, this 4th day of June, 2014.

_____
UNITED STATES DISTRICT COURT JUDGE